UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDUCATION CORPORATION OF AMERICA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, et al., <br><br> Defendants. | Civil Action Number <br> **2:18-cv-01698-AKK** |

**ORDER GRANTING TEMPORARY INJUNCTIVE RELIEF**

This matter is before the court on the Emergency Motion for the Appointment of a Receiver and Entry of a Temporary Restraining Order and Preliminary Injunction (the "Motion")[1] filed by Plaintiffs Education Corporation of America, Virginia College, LLC, and New England College of Business and Finance, LLC (collectively, "ECA" or "Plaintiffs" or "Debtors"). The court, being fully advised in the premises and having jurisdiction in this matter; and upon consideration of the Declaration of Mike Ranchino of ECA, arguments from counsel at a hearing on October 18, 2018 to consider the relief sought in the Motion, and the Stipulated Order for Briefing and Hearing Among Plaintiffs and Defendants presented to the court; and after due deliberation and sufficient cause

---

[1] Capitalized terms used in this Order and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

appearing for the relief sought in the Motion; the court **FINDS** and **CONCLUDES** that, in accordance with Rule 65 of the Federal Rules of Civil Procedure:

1. The court has subject matter jurisdiction under U.S. CONST., art. III, § 2 and 28 U.S.C. § 1331, because this action involves the Higher Education Act of 1965 ("HEA"), 20 U.S.C. § 1001 et seq. and 34 C.F.R. § 600.31(a)(1). The HEA provides that federal courts have subject matter jurisdiction over actions against the United States Department of Education ("Department") and the Secretary of Education. *See* 28 U.S.C. § 1082(a)(2).

2. Venue is proper in this court under 28 U.S.C. § 1391(e)(1)(B) because a substantial part of the events giving rise to this action took place in this judicial district and a substantial part of property that is the subject of the action is situated in this judicial district. Plaintiffs employ approximately 475 Alabama residents and their Alabama institutions have enrolled in excess of 1,200 active students.

3. The court finds good cause to grant the injunctive relief requested under the All Writs Act, 28 U.S.C. § 1651(a), as such relief is necessary and appropriate in aid of its jurisdiction over this action. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004) (noting that a court may issue an injunction under the Act and that "[s]uch writs may be directed to not only the immediate parties to a proceeding, but to 'persons who,

though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice") (citing *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977)).

4. The court also finds good cause to grant the temporary injunctive relief set forth in this Order because Plaintiffs have demonstrated that they will suffer irreparable injury if the injunction is not granted, and the injunction will further the public interest. *See Klay*, 376 F.3d at 1100 ("The requirements for a traditional injunction do not apply to injunctions under the All Writs Act . . . .") (citations omitted). In particular, the potential eviction of Plaintiffs' institutions from their physical campuses threatens to disrupt the educational programs of students nationwide and prevent the potential implementation of Plaintiffs' restructuring plan. *See* doc. 2-2 at 10.

5. In aid of its jurisdiction over assets which Plaintiffs seek to preserve in connection with this case, and in order to satisfactorily protect and effectuate this Order, the relief granted below must be effective in all federal and state jurisdictions.

Pursuant to the forgoing findings and conclusions, the Motion and the record before the court, good and sufficient cause appearing for the temporary injunctive

relief sought in the Motion, the court's inherent equitable powers, and 28 U.S.C. § 1651 (the "All Writs Act"):

**IT IS ORDERED, ADJUDGED, AND DECREED** that from the time and date of this Order, a stay of any actions by the landlord parties (including any successor or assigns) listed on Schedule 1 attached hereto and incorporated herein by reference asserting claims or other rights and remedies against Plaintiffs, any affiliate of Plaintiffs, and/or any actual or purported guarantor that has indemnity rights against any Plaintiff (whether any Plaintiff or affiliated entity is initially named in the suit or not), including enforcing, attaching or perfecting liens against property of Plaintiffs or any such guarantor, is in effect, enjoining:

(1) The commencement or continuation, including the issuance, employment, or service of process, of a judicial, administrative, or other action or proceeding against Plaintiffs or any schools owned directly or indirectly by Plaintiffs that was or could have been commenced before the entry of this Order against the Plaintiffs that accrued before the entry of this Order;

(2) The enforcement or levy against any Plaintiff or its assets of a judgment obtained before the entry of this Order;

(3) Any act to obtain possession of, interfere with, or exercise control over any Plaintiff's assets;

(4) Any act to create, perfect, or enforce any lien or claim against any Plaintiff's assets to the extent that the lien secures a claim against the Plaintiffs that accrued before the entry of this Order; or

(5) Any act to collect, assess, or recover a claim against any Plaintiff that accrued before the entry of this Order.

**IT IS FURTHER ORDERED** that the temporary injunctive relief granted by this Order is effective in all federal and state jurisdictions.

**IT IS FURTHER ORDERED** that Plaintiffs shall provide notice and a copy of this Order to all affected parties by overnight courier and electronic mail within one (1) business day after the entry of this Order, and file a notice of compliance with the court by 5:00 p.m. on October 23, 2018.

The injunction ordered by the court in this Order is a temporary injunction; it expires on October 29, 2018 at 5:00 p.m. Central Time, unless extended by further order of the court. A hearing on Plaintiffs' request for, *inter alia,* a preliminary injunction and for the appointment of a receiver, as more particularly described in the Motion, shall be held on October 29, 2018 at 2:00 p.m. Central Time in Courtroom 4A of the Hugo L Black US Courthouse, 1729 5th Avenue North, Birmingham, AL before Judge Abdul K. Kallon. Any affected

party who is unable to attend and who wants to participate may do so by phone. Any such party must email the court by noon on October 29, 2018 at kallon_chambers@alnd.uscourts.gov so that the court can provide that party the call-in number for the hearing.

    **DONE** the 19th day of October, 2018.

                                      **ABDUL K. KALLON**
                                    UNITED STATES DISTRICT JUDGE