FILED
2018 Nov-02 AM 11:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

EDUCATION CORPORATION OF
AMERICA, *et al.*,

    Plaintiffs,

v.                                      Civ. No.18-cv-01698-AKK

U.S. DEPARTMENT OF EDUCATION, *et al.*,

    Defendants.

## UNITED STATES' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR APPOINTMENT OF A RECEIVER AND FOR INJUNCTIVE RELIEF

The three court orders provided by Plaintiffs following the October 29, 2018 hearing on their *Emergency Motion for the Appointment of a Receiver and Entry of a Temporary Restraining Order and Preliminary Injunction* (ECF No. 2) ("Motion") further underscore the inappropriateness of their requested relief. Accordingly, as authorized by the Court, the United States Department of Education (with defendant Secretary of Education Betsy DeVos acting in her official capacity, "Education") respectfully submits this supplemental memorandum in opposition to the Motion.

First, *Huntington National Bank v. St. Catharine College, Inc.*, No. 16-CV-00465, ECF No. 12 (W.D. Ky. July 26, 2016) (order appointing receiver) (*St. Catharine*), does not support appointing a receiver here. In *St. Catharine*, a trustee

for secured bondholder debt brought a breach of contract claim and sought a receiver for St. Catharine College *after* the college defaulted on its loan obligations. *See St. Catharine*, ECF No. 1 (complaint), at ¶¶ 1-2, 29, 39, 42. While St. Catharine College had previously received funds under Title IV of the Higher Education Act, by the time the trustee requested a receiver, the school had already announced its closure. The school became ineligible for Title IV funding as a result of its closure pursuant to 34 C.F.R. § 600.40(a)(1)(iii). *See St. Catharine*, ECF No. 4-1 (motion to appoint receiver), at 5-6, 9. The trustee contended that a receiver was necessary to protect its interest in the collateral as the business liquidated. *Id.* at 10.

Here, by contrast, the request for a receiver comes not from a creditor with a claim arising from a default, but from *Plaintiffs* who seek a receiver *for themselves*. Additionally, unlike Plaintiffs here, St. Catharine was essentially a husk at the time of the trustee's receivership request—a collection of "physical assets [that were] likely to deteriorate through lack of use and upkeep." *St. Catharine*, ECF No. 4-1, at 10. Finally, the substantive breach of contract claims in *St. Catharine* bore a direct relationship to the receivership remedy, but here Plaintiffs' declaratory judgment demand (seeking a construction of the Higher Education Act) lacks a relationship to its receivership request.[1]

---

[1] Plaintiffs have cited no case in which an entity sought a receiver over its own property in federal court. At the hearing, Plaintiffs described state receiverships over higher education

Similarly, the other two court orders that Plaintiffs offer—neither of which involve a higher education institution—provide no support for the relief they seek here. These two orders only demonstrate that courts have granted such equitable remedies in the prototypical receivership case where a secured creditor seeks a receiver to protect its collateral after a borrower defaults. *See BOKF v. Decatur ALF Grp., LLC*, No. 17-CV-2141, Order Appointing Receiver and Granting Injunctive Relief, ECF No. 30 (N.D. Ala. Jan. 23, 2018) (appointing receiver and granting injunctive relief in order to protect bondholders' rights to collateral after a payment default); *BOKF v. Cullman ALF Grp. LLC*, No. 18-CV-2140, Order Appointing Receiver and Granting Injunctive Relief, ECF No. 18 (N.D. Ala. Jan. 1, 2018) (same).

## **CONCLUSION**

For the foregoing reasons and those set forth in the Opposition or stated by undersigned counsel at the hearing on the Motion, the Court should deny the Motion and dismiss this case.

---

institutions, such as Vatterott College's Missouri receivership. However, some states' receivership statutes, such as Missouri's, provide a freestanding receivership cause of action. *See, e.g.*, Missouri Commercial Receivership Act, Mo. Ann. Stat. § 515.510(6) ("The appointment of a receiver is not required to be relief ancillary or in addition to any other claim, and may be sought as an independent claim and remedy."). By contrast, under federal law, receivers may be appointed only as an ancillary remedy. *Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.*, 153 F.3d 1289, 1291 (11th Cir. 1998); *see also* U.S. Opp. to the Motion (ECF No. 19) ("Opposition") at 23-24 (citing additional authorities). Accordingly, Plaintiffs' claim that *state* receiverships of higher education institutions provide support for their proposed *federal* receivership lacks merit.

Dated: November 2, 2018                    Respectfully Submitted,

JOSEPH H. HUNT                             /s/Danielle A. Pham
Assistant Attorney General                 RUTH A. HARVEY
                                           KIRK T. MANHARDT
LANE H. WOODKE                             LLOYD H. RANDOLPH
ED RAGLAND                                 DANIELLE A. PHAM
MARGARET MARSHALL                          (California Bar No. 269915)
Assistant United States Attorneys          JONATHAN E. JACOBSON
                                           Civil Division
                                           United States Department of Justice
                                           P.O. Box 875, Ben Franklin Station
                                           Washington, DC 20044-0875
                                           Telephone: (202) 514-7451
                                           Email: danielle.pham@usdoj.gov

                                           Attorneys for the United States

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2018, a true and correct copy of the foregoing was served on plaintiffs via their counsel of record through the Court's Electronic Case Filing (ECF) system.

/s/ Danielle A. Pham
Danielle A. Pham