

FILED

2018 Nov-02  PM 04:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **EDUCATION CORPORATION OF AMERICA, VIRGINIA COLLEGE, LLC, and NEW ENGLAND COLLEGE OF BUSINESS AND FINANCE, LLC,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) ) | **Case No.** <br> **2:18-cv-01698-AKK** |
| **UNITED STATES DEPARTMENT OF EDUCATION and BETSY DEVOS, in her official capacity as Secretary of Education,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

**REPLY TO THE UNITED STATES' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR APPOINTMENT OF A <u>RECEIVER AND FOR INJUNCTIVE RELIEF</u>**

Ollie A. "Tres" Cleveland, III
J. Leland Murphree
Ryan D. Thompson
**Maynard, Cooper & Gale, P.C.**
1901 Sixth Avenue North,
Suite 2400
Regions/Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1000
Facsimile: (205) 254-1999

Stuart M. Brown (*pro hac vice*)
**DLA Piper LLP (US)**
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 778-7913

Benjamin S. Boyd (*pro hac vice*)
**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
Facsimile: (202) 799-5000

Plaintiffs Education Corporation of America, Virginia College, LLC and New England College of Business and Finance, LLC ("ECA" or "Plaintiffs") hereby file their Reply (this "Supplemental Reply") to DOE's Supplemental Memorandum in Opposition to Plaintiff's Motion for Appointment of a Receiver and for Injunctive Relief (the "Supplemental Response") as follows:

## A. The Orders Submitted by ECA Support the Grant of Broad Injunctive Relief in Connection with the Appointment of a Receiver.

In its Motion, ECA requests reasonable injunctive relief in connection with the appointment of a receiver.  As set forth in its Motion and Reply, ECA has satisfied all of the requirements for the appointment of a receiver in this case, including without limitation ECA's "valid claim" under its declaratory action. *See* Reply, pp. 9-14; *see also U.S. Bank Nat'l Ass'n v. LG-328 Huntsville, AL, LLC*, No. 17-CV-01378, 2017 WL 5668392, at *1 (N.D. Ala. Nov. 27, 2017) (Kallon, J.) ("federal courts consider the following factors: . . . (2) the validity of the claim by the party seeking the appointment")(internal quotations marks and citation omitted)(emphasis added). Additionally, even assuming that bankruptcy is a "legal remedy" for the purpose of a receivership analysis (which ECA disputes), bankruptcy is not a viable option here since the filing of a bankruptcy petition will trigger ineligibility to participate in Title IV funding—ECA's lifeblood. Therefore, ECA is entitled to the receivership relief requested in this case.

As the Court is well aware, virtually all receivership proceedings typically include injunctive relief to prevent interference with the receiver's control, management, and administration of assets within the receivership estate.  In the federal context, Congress has even supplied statutory authority to support a receiver's control over receivership assets to the exclusion of others, regardless of where those assets may be located in the United States.  *See* 28 U.S.C. § 754; *see also* 28 U.S.C. § 1692 (providing that federal receivers appointed in one district have the statutory authority to execute process in any district in which receivership property is located).

After the October 29, 2018 hearing, with Defendants' counsel present, ECA presented the Court with examples of three orders attached hereto as **Exhibit A** (collectively the "Federal Orders"), including one entered by this Court, serving as examples of broad injunctive relief granted in connection with a receivership. The orders were entered in *BOKF, N.A. v. Cullman ALF Group, LLC, et al.*, United States District Court, Northern District of Alabama, Case No. 5:17-cv-02140-AKK, Dkt. No. 18 (Johnson), *BOKF, N.A. v. Decatur ALF*, United States District Court, Northern District of Alabama, Case No. 5:17-cv-2141-AKK, Dkt. No. 30 (J. Kallon) and *The Huntington National Bank, as Trustee v. Saint Catharine College, Inc.*, United States District Court, Western Division of Kentucky, Case No. 3:16-cv-00465-DJH, Dkt. No. 12 (J. Hale).  Similar injunctive relief has also been

entered in an order (the "VEC Order", collectively with the Federal Orders, the "Orders") in the receivership of an educational institution in state court. *See In re Vatterott Educational Centers, Inc., et al.*, Circuit Court for St. Louis County, 21st Judicial Circuit, State of Missouri, Case No. 17SC-CC02316 (June 29, 2017) (J. Reno) (copy of receivership order attached hereto as **Exhibit B**).  Notwithstanding the foregoing examples, ECA seeks injunctive relief in this case that is even more narrowly tailored than injunctive relief granted in other receivership proceedings.

The DOE's Supplemental Reply misses the point of ECA's submission of the Orders as mere examples to the Court where broader injunctive relief was granted. The DOE seeks to factually distinguish the cases where these Orders were entered, but ignores the fact that the Orders were nonetheless entered in the first place pursuant to the courts' equitable powers. Accordingly, ECA is entitled to the injunctive relief it is seeking in this case.

### B.   The Requested Relief is not Bankruptcy Relief.

DOE and other objectors stated multiple times at the October 29 hearing that receivership is effectively bankruptcy and should be barred, or that stakeholders should receive the same protections as they would in bankruptcy.  To be clear, receivership **is not** bankruptcy.

First, bankruptcy relief is statutorily created as set forth in 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), while the source of authority for ECA's requested

receivership relief is the inherent equitable power of this Court and is governed by federal common law.  Consequently, receivership proceedings are far more flexible than bankruptcy and relief can be fashioned by the Court.

Second, the Bankruptcy Code establishes a trustee to perform certain statutory duties. A federal receiver is effectively an extension of the Court itself, with duties that can be narrowed or expanded by the Court, providing more protection for all stakeholders.

Lastly, bankruptcy provides debtors with a statutory discharge of its obligations.

As evidenced by the several landlords and other parties at the hearing who each stated their position on the requested relief based on their unique facts and circumstances and motives, the appointment of a receiver provides a neutral, centralized forum for these disputes, and the receiver, as an extension of the Court, can communicate and negotiate with the stakeholders in an efficient and orderly fashion.

Respectfully submitted this the 2nd day of November 2018.


*/s/ Ollie A. "Tres" Cleveland, III*
Ollie A. "Tres" Cleveland, III
J. Leland Murphree
Ryan D. Thompson
**Maynard, Cooper & Gale, P.C.**
1901 Sixth Avenue North,

Suite 2400
Regions/Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1000
Facsimile: (205) 254-1999

and

Stuart M. Brown (*pro hac vice*)
**DLA Piper LLP (US)**
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 778-7913

Benjamin S. Boyd (*pro hac vice*)
**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
Facsimile: (202) 799-5000

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system on this the 2nd day of November 2018, which will send e-mail notification to all counsel of record.

*/s/ Ollie A. "Tres" Cleveland, III*
Ollie A. "Tres" Cleveland, III